(Stark County Court of Common Pleas.)

JACOB MOULDER *v.* CLEVELAND, CANTON & SOUTHERN RAILROAD COMPANY.

*Collision of trains on railroad crossing.—Personal Injury.—Law as to rights and liabilities in such cases.*

(Decided March 27, 1895.)

---

CHARGE BY McCARTY, J.

*Gentlemen of the Jury :*

This action is brought by Jacob Moulder against the Cleveland, Canton & Southern Railroad Company, for the purpose of recovering damages, which he alleges he has sustained by reason of the alleged negligence of the defendant, the Cleveland, Canton & Southern Railroad Company.

He sets forth in his petition, in substance, that the Cleveland, Canton & Southern Railroad Company is an incorporated company under the laws of the State of Ohio, and on the 17th day of November, 1893, owned and operated the railroad known as the Cleveland, Canton & Southern Railroad, with tracks, cars, locomotives and other appliances thereto belonging; that a track of said railroad ran from the city of Canton, in Stark county, to Sherrodsville, in Carroll county ; and that it had a branch of road extending from said main track to and through the village of Minerva ; and that said branch crosses the railroad track of the Lake Erie, Alliance & Southern Railway at or near the town of Minerva, and at which crossing there was placed a target for signal purposes ; and that on the 17th day of November, 1893, the plaintiff was riding in a caboose on a work train on the Lake Erie, Alliance & Southern Railway, and was an employe on said train and road ; that on the morning of said day, while plaintiff was in said caboose on said train, as aforesaid, and while said work train on said

Lake Erie, Alliance & Southern Railway was going south through the town of Minerva, and while crossing the track of the defendant at said town of Minerva, the defendant carelessly and negligently caused one of its locomotives and train of cars to be backed into said train on said Lake Erie, Alliance & Southern Railway, at said railroad crossing, on which the plaintiff was, and without giving any signal, and when the target was so set as to notify said defendants, its employes and train men not to cross said crossing, as the train on the Lake Erie, Alliance & Southern Railway was crossing and had the right of way to cross; and at the time when the same could be easily seen; and thereby defendant caused its train of cars, so carelessly and negligently operated, as aforesaid, to run into said caboose in which plaintiff was riding on said Lake Erie, Alliance & Southern Railway, and with such force and violence as to throw the caboose from the track, and thereby the plaintiff received severe, painful and permanent injuries to his person, by the breaking of three ribs, and puncture and injury to his left lung, and injuries to his spine, together with cuts and bruises about his person, and from which injuries he alleges he has suffered great pain, and he is a constant sufferer therefrom; and that said injuries are of a permanent character, and that he will always be afflicted with pain, and unable to do but little, if any, work; that said defendant caused its cars to pass over said track of the Lake Erie, Alliance & Southern Railroad Company at said crossing at Minerva, and at said time when said plaintiff received his injuries as aforesaid, carelessly and negligently, and without right; when said train on which said plaintiff was riding on, the Lake Erie, Alliance & Southern Railway had the right to said crossing, and when the target at said crossing had been so placed to notify said defendant's employes so running said train, not to cross said crossing, and that thereby said plaintiff received said injuries without any fault or negligence on his part, but by reason of the carelessness and negligence of the defendant in its operation and running of said train of cars on said road, as aforesaid; and that he has sustained damages growing out of said injuries.

The plaintiff further alleges that at the time of said collision on the 17th day of November, 1893, the employes of said Lake Erie, Alliance & Southern Railroad Company so placed said target as to notify the defendant at said crossing; and said defendant's employes so carelessly and negligently operated said train of cars, and paid no attention to said signal and target at said crossing, and did not stop its train within two hundred feet thereof, nor over eight hundred feet from said crossing, but crossed the same without being signalled by any watchman or person in charge of said target, and before the line was clear, and while said train was passing over as aforesaid, and by means of the premises and the negligence and carelessness of the defendant in its operating and running said engine and train over said crossing and onto said train on which said plaintiff was a passenger, the plaintiff received the injuries set forth in his petition, and now claims damages in the sum of ten thousand dollars.

Now that is the statement of the claims made by the plaintiff as to his cause of action against the defendant.

To this petition, thus stated, the defendant has filed an answer in which it admits that at the time named in the petition it was an incorporated railway company, duly incorporated under the laws of Ohio, and that a part of its railroad extended and still extends from the city of Canton, Stark county, Ohio, to Sherrodsville, Carroll county, Ohio, and that it has a branch road extending from said main line to the village of Minerva, and said branch crossed the track of the lake Erie, Alliance & Southern Railway near the town of Minerva, and there was at said crossing a target to be used for signal purposes.

The defendant denies that said plaintiff was injured at the time stated in said petition bp reason of àny negligence upon the part of the defendant or any of its employes.

The defendant denies that the train on the Lake Erie, Alliance & Southern Railroad had the right to the crossing at the place specified. It denies that said target was set so as to give to the Lake Erie, Alliance & Southern train the right to said crossing. And the defendant says that it has no knowledge of the injuries complained of in the petition, but avers that if said plaintiff was injured, it was either by his own negligence and carelessness, or the carelessness of the Lake Erie, Alliance & Southern Railway, and not the carelessness of the defendant; and the defendant denies each and every other allegation contained in the petition which is not admitted in its answer.

Now, to this answer the plaintiff has filed a reply which is a general denial of all the averments contained in the answer which do not admit the averments of the petition. So that these pleadings, the petition, the answer and the reply, set forth the claims made respectively by the parties to this suit.

The facts alleged in the petition which are denied in the answer, and the allegations of the answer which are denied by the reply, form the issues in this law suit.

What I mean by the issues are, the allegations affirmed on one side, and denied on the other; the matters in dispute.

There are some matters about which there is no dispute; these you will simply take as facts. One is that the Cleveland, Canton & Southern Railroad Company was, on the day when the accident is alleged to have occurred, viz: the 17th day of November, 1893, the owner, and was operating its railroad on its branch from the junction to Minerva.

Another is, that the Lake Erie, Alliance & Southern, at the same time, owned and was operating its railroad from Alliance through Minerva; that at or near Minerva, these two railroads cross each other at a common level. Another fact which the evidence on each side tends to establish, is that on the morning of the 17th of November, 1893, the two trains collided on that crossing. The evidence tends to show that the train on the Lake Erie, Alliance & Southern road was a work train, consisting of a locomotive, a coal car and a caboose, not being run by any schedule time, but running and having run for some days about that time in the morning.

The evidence also tends to show that the train on the Cleveland, Canton & Southern road, was the regular morning passenger train, consisting of a locomotive, a baggage car, a smoking and a passenger car, and was about on its schedule time. The evidence tends to establish also that the said train on the Lake Erie, Alliance & Southern road, was on the crossing going over it, and had all passed over it except the caboose, when the train on the Cleveland, Canton & Southern road, defendant's road, was backing down from the station at Minerva, and ran or backed onto the crossing and against the caboose of the Lake Erie, Alliance & Southern, and that the plaintiff was riding in that caboose, and was by that collision injured.

The evidence also tends to show that the Cleveland, Canton & Southern was the older road. All of these are matters about which you will doubtless have but little difficulty in reaching a conclusion.

The plaintiff claims further that at the time of the collision, the target was and had been properly set to show that the Lake Erie, Alliance & Southern had the right of way over the crossing, and that it was rightfully moving across with its train when the collision occurred.

The defendant claims that the Lake Erie, Alliance & Southern was wrongfully on the crossing; that the defendant's road was the older road; that its train when approaching the crossing, was a regular passenger train,

and entitled to the right of way, and that its employes did not know, and could not by the exercise of reasonable care have known that the Lake Erie, Alliance & Southern was about to, or was crossing the railroad crossing at that time, in time to see it so as to avoid the collision; that the Lake Erie, Alliance & Southern did not raise the target in time so defendant could see it in time to avoid the collision, if, indeed, it raised it at all.

I will say to you that by the laws of this state, when the tracks of two railroads cross each other at a common grade or level, the trains or engines passing over such tracks, should come to a full stop not nearer than two hundred feet, or further than eight hundred feet from the crossing, and should not cross until signalled so to do, nor until the way is clear. And when two passenger or freight trains approach the crossing at the same time, the train on the road first built should have precedence, if the tracks are main tracks over which the passengers and freights of the road are transported, and in this case you will find that both the tracks were main tracks; there is no claim made by either party that either of these tracks— while one was a branch track—no claim is made that it was a side-track, or other than the main track of the branch. If one of the trains approaching a crossing is a passenger train and the other is a freight train, the passenger train would have precedence; and regular trains, on time, shall take precedence over trains of the same grade not on time. So that in this case, if the train on the Lake Erie, Allianae & Southern consisted of an engine, coal car and caboose, and the train on the defendant's road consisted of a passenger train, such passenger train would have precedence; and if the train on defendant's road was on time, and the train on the Lake Erie, Alliance & Southern road was not on time, or had no schedule time, the train on defendant's road, in that event also, would have precedence, unless the signal target stood perpendicularly, and if it stood perpendicularly, that was notice to the defendant that the crossing was about to be occupied and used by the Lake Erie, Alliance & Southern railroad; and in such case, the defendant should have stopped its train until the other passed over, and the target resumed a horizontal position. And if the target stood perpendicularly before and when the collision occurred, so that the defendant's employes saw it, or could have seen it by the exercise of ordinary care on their part, in time to have stopped the train to have avoided the collision, if it did not do so, it was guilty of negligence.

And I will further say, that whether the target stood perpendicularly or horizontally, if the employes of the defendant saw the train of the Lake Erie, Alliance & Southern, or could, by the exercise of reasonable and proper care on their part, have seen it in time to have stopped its train so as to have avoided the collision, and did not do so, it was guilty of negligence in that regard, and would be liable for the injury.

But if the defendant had the right of way on any of the grounds I have stated, and did not, and could not, by the exercise of reasonable and proper care, have known that the Lake Erie, Alliance & Southern was occupying, or was about to occupy the crossing, until it was too late to stop in time to prevent the collision, and was running at a reasonable and proper rate of speed, then the defendant would not be liable for any injuries received by the plaintiff.

The plaintiff's right to recover in this action, if he has a right to recover at all, depends on whether the defendant, the Cleveland, Canton & Southern Railroad Company, was guilty of the negligence charged in the petition. If it was not guilty of such negligence, then the plaintiff cannot recover, however severely he may have been injured.

Negligence is the want of the exercise of that degree of care which ordinarily prudent persons are accustomed to exercise under the like or similar circumstances.

The defendant was required to use a reasonable degreee of care to avoid injury as was commensurate with the danger in view of all the circumstances surrounding the parties at the time; that degree of care which ordinarily prudent persons would have exercised with trains of cars approaching that crossing at that time.

The plaintiff was also bound on his part to use all reasonable care for his own protection and safety, and if he could, after becoming aware of his danger, have saved himself from injury, it was his duty to do so; and if he could have avoided the injury by the exercise of ordinary care on his part, and did not do so, he can not recover.

These two trains of cars were not both entitled to occupy or use the crossing at the same time. One or the other, if a collision occurred, was there wrongfully. One of them had the right of way, under the law, and the other had not.

Both parties claim that when the target stood horizontally, the defendant was entitled to use the crossing, and both likewise claim that when the target stood vertically or perpendicularly, the Lake Erie, Alliance & Southern was entitled to use it; but however it stood at the time in question, if it had been so placed in that position at a proper time, or in time so that it could have been seen with reasonable and proper care by the company not entitled then to use it, it would have been notice that the other company was then entitled to use the crossing. The defendant road was the older road, and it claims that it was entitled to use the crossing at all times when not in use by the Lake Erie, Alliance & Southern.

I will say to you further that if both trains were within eight hundred feet of the crossing, and both approaching it, the train on the older road, under the law, would have the right of way; and if defendant's road was the older road, it was entitled to the use of that crossing, under the statute, and The Lake Erie, Alliance Southern was bound, under the law, to stop until the defendant had passed over. Likewise, if the defendant's train was a regular passenger train, it should have stopped until the defendant's train had passed over; and if its agents and employes knew that the defendant's train was within eight hundred feet, and was approaching that crossing, or could have known it by the exercise of ordinary care on its part, and did not stop until the defendant's train had passed over, it was guilty of negligence.

If you find from the testimony that the collision in question was the result of the wrongful act of both The Cleveland, Canton & Southern Railroad Company and The Lake Erie, Alliance & Southern Railroad Company, and the plaintiff was injured by such concurrent wrongful act of both companies, then the plaintiff might, at his election, sue one or both of said companies, and may maintain his action against the defendant sued for the injury or injuries sustained by him on proof showing that the defendant was guilty of negligence on its part concurring with the negligence of The Lake Erie, Alliance & Southern Railroad Company, in producing the injury complained of. But if the accident was the result of negligence on the part of The Lake Erie, Alliance & Southern Railroad Company alone, the plaintiff cannot recover in this action.

The burden of establishing the negligence on the part of the defendant, either alone or concurrently with the other company, and that such negligence produced the injury complained of, is on the plaintiff. And in such case, if the plaintiff was free from negligence on his part, and if the evidence shows that the defendant was guilty of such negligence, he will be entitled to such damages as you may find from the evidence, he has sustained.

If you find from the testimony that the defendant was not guilty of negligence, which, either alone or with the negligence of the Lake Erie, Alliance

& Southern produced the collision, causing the injury, then and in that event, your verdict should be for the defendant. But if the evidence shows that the defendant company was guilty of negligence on its part, which, either alone or with the negligence, if there was negligence, on the part of the Lake Erie, Alliance & Southern caused the injury, then you should find on this issue in favor of the plaintiff; and you will then go forward and determine what damages the plaintiff has sustained, if any.

To determine the amount of damages, should you find that the plaintiff is entitled to damages under the evidence, and under the instructions I have given you, you will determine from the evidence the extent of the injury or injuries he then received, whether they were permanent or otherwise, his bodily and mental suffering, if he suffered, the length of time if you should so find, that the plaintiff was confined to his bed or his house by reason thereof.

In making this estimate of damages, you should also determine whether the plaintiff since that time has been less able on account of said injuries to follow his usual occupation, or any ordinary occupation requiring labor; and whether he will continue to be less able to follow his occupation; and from what his present occupation is, and what he is now able to earn, and from all the facts and evidence on the subject, determine the amount of damages that the plaintiff ought to recover, if any.

You should determine the issues in this suit as though the case were between individual parties. The fact that the one party is a railroad corporation should have no weight with you in determining the facts in the case.

If, from all the evidence in the case, under the instructions I have given you, you find the issues in favor of the plaintiff, and that he has sustained damages as charged in his petition, then to enable you to determine the amount of such damages it was not necessary that any witness should have expressed an opinion as to the amount of such damages; but you, yourselves, may make such estimate from all the facts and circumstances in evidence, and by considering them in connection with your own experience, knowledge and observation in the business affairs of life, as will fairly compensate him for his injuries.

In determining the issues submitted to you, you should, as I have no doubt you will, honestly and earnestly endeavor to arrive at the truth in this action.

If under the testimony, and under these instructions, you find for the plaintiff, you will assess his damages at such sum as you may deem reasonable, not exceeding, however, the amount claimed in the petition.

If you find for the defendant, you will return a verdict for the defendant generally.

*Welty & Taylor*, for plaintiff.

*Baldwin & Shields*, for defendant.